FILED
SUPERIOR COURT
OF GUAM

2014 JAN 22 AM 10: 08

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT
## OF GUAM

JOSE L. CEJOCO and PROMELINDA E. CEJOCO,

        Plaintiffs,

    v.

JUAN CEPEDA GOMEZ, EMLINDA M. GOMEZ EMILIA D.SCHARFF and GEORGE E. SCHARFF,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

DOMESTIC CASE NO.: CV1147-12

**DECISION AND ORDER**

This matter is before the Honorable Judge Michael J. Bordallo. Pursuant to Rule 7.1 of the Local Rules of the Superior Court of Guam, Plaintiffs' motion for clarification or reconsideration was taken under advisement on December 10, 2013. Plaintiffs are represented by attorney, Jessica L. Toft. Defendants pursuant to the Court's December 28, 2102 order were served by publication and have not filed an appearance. Having considered the papers, pleadings and file herein, the Court now enters an order GRANTING in part Plaintiffs' motion.

### BACKGROUND

The instant matter arises out of an October 1, 2012 Verified Complaint to Quiet Title, to Set Aside Judgment, for Fraud, for Breach of Express and Implied Warranty, for Conversion, and for Declaratory Judgment. A Default was entered against Defendants on April 15, 2013. On August 12, 2013, Plaintiffs requested that the Court summarily enter judgment in their favor. After carefully reviewing the file, the Court, on October 22, 2013, entered an order partially granting Plaintiffs' request.

On November 5, 2013 Plaintiffs filed a motion for clarification or reconsideration. In it they request that the Court reconsider or clarify: 1) a possible clerical error on page 10 of its decision and order; 2) whether Plaintiffs are entitled to the quiet title of Lot No. 5234-7-5 as to



any unknown persons claiming under Defendants; 3) whether the Court has discretion to deny Plaintiffs' request to collaterally void the judgment in Guam Superior Court Case No. CV1651-96.

## DISCUSSION

Rule 7.1 of the Local Rules of the Superior Court of Guam regulates the Court's consideration of a motion to reconsider. Super Ct. Guam R. 7.1(i). This rule provides,

> A motion for reconsideration of the decision on any motion may be made only on the grounds of
> (1) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or,
> (2) the emergence of new material facts or a change of law occurring after the time of such decision, or,
> (3) a manifest showing of a failure to consider material facts presented to the Court before such decision.
> No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

*Id.* A Court has an inherent power to correct mistakes which are not the result of the exercise of judgment. *Gagnon v. U.S.*, 193 U.S. 451, 456-57, Guam R. Civ. P. 59, 60. This ability has long been recognized by the U.S. Supreme Court and has been specifically and broadly promulgated into the Guam Rules of Civil Procedure. *Id.* Rule 60(a) of the Guam Rules of Civil Procedure provides that, "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party, and after such notice, if any, as the court orders." Guam R. Civ. P. 60(a). Rule 60(b) also allows for the correction of inadvertent error. Guam Rules Civ. P. 60(b).

In this case Plaintiffs correctly identify a clerical error on page 10 of the Court's October 22, 2013, Decision and Order. The Court's ambiguous use of the pronoun, them, on line 15 should refer to the Plaintiffs and their right to quiet title against the Defendants. As to Plaintiffs'

other assertions of error and requests for reconsideration the Court is not persuaded that they merit review under the applicable standards. Super Ct. Guam R. 7.1(i). Plaintiffs do not identify or analyze how their request falls within the reconsideration requirements of the Court's local rules. Mot. at 1-10. Furthermore, the other portions of Court's October 22, 2013 decision that the Plaintiffs argue constituted error were not the result of an oversight or omission but of careful consideration and exercise of the Court's judgment.

After a careful review of the file and Plaintiffs' publication notices served upon the Defendants, the Court was unable to identify any service or notice upon any unknown persons possessing an interest in Lot No. 5234-7-5. Absent this the Court was unable to quite title as to any other unknown person. Similarly and as indicated in its October 22, 2013 decision, the Court is not persuaded that it would be wise to void a judgment in a separate action. Guam R. Civ. P 60(b). While it is well within the authority of the Court to quiet title as to the notified Defendants and find and order that complainants merit and the departments of land and tax must clear any cloud upon a person's right to quite possession of real property, absent joiner or some other recognized jurisdictional method it is not persuaded that in this case it should void a separate action. Guam R. Civ. P. 60; 1 et. seq.; 7 GCA § 4101.

//

//

//

## CONCLUSION

Based upon the foregoing, the Court GRANTS in part Plaintiffs' motion for clarification and reconsideration. Pursuant to this order an amended order correcting the Court's inadvertent clerical error shall issue.

SO ORDERED, this _____ day of _____ 2013. 4

HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

JAN 2 2 2014